# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| MARIA MOELLER and RON MOELLER,<br><br>Plaintiffs,<br><br>v.<br><br>THE ALIERA COMPANIES, INC.; TRINITY HEALTHSHARE; TIMOTHY MOSES, SHELLEY STEELE, CHASE MOSES, and DOES 1-10,<br><br>Defendants. | No. CV 20-22-H-SEH<br><br>ORDER |

This case filed on March 20, 2020, asserts diversity jurisdiction under 28 U.S.C. § 1332.[1] However, jurisdiction is not well-pleaded. 28 U.S.C. § 1332(a)(1) states:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> ○ (1) citizens of different States;

---

[1] See Doc. 1 at ¶ 7.

The Complaint and Demand for Jury Trial[2] recites, *inter alia*:

> 3. Defendant The Aliera Companies, Inc. (Aliera), is a Delaware for profit corporation authorized to do business and doing business in the state of Montana, that sells and administers health insurance products.
>
> 4. Defendant Trinity HealthShare, Inc. (Trinity), is a Delaware for profit corporation authorized to do business and doing business in the state of Montana. On information and belief, Aliera formed Trinity, both maintain office addresses at 5901 Peachtree Dunwoody Rd., Ste. 200, Atlanta, GA 30328, and at all material times, Aliera acted as the authorized agent of Trinity.[3]

A corporation is a citizen of both the state of incorporation and the state in which it has its principal place of business for purposes of determining diversity jurisdiction.[4] No principal place of business of Defendants The Aliera Companies, Inc. and Trinity HealthShare, Inc. is pleaded.

Fed. R. Civ. P. 12(h)(3) contemplates that lack of jurisdiction can be raised at any time. Moreover, the objection may be raised by a party, or by the court's

---

[2] Doc. 1.

[3] Doc. 1 at ¶¶ 3–4.

[4] *Montrose Chem. Corp. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997); 28 U.S.C. §1332(c)(1).

own initiative, at any stage in the litigation, even after the trial and judgment entry.[5]

ORDERED:

This case will be dismissed on March 31, 2020, unless Plaintiff files an amended complaint properly alleging jurisdiction on or before that date.

DATED this 24th day of March, 2020.

SAM E. HADDON
United States District Judge

---

[5] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).