IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| MARIA MOELLER and RON MOELLER,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE ALIERA COMPANIES, INC.; TRINITY HEALTHSHARE; TIMOTHY MOSES, SHELLEY STEELE, CHASE MOSES, and DOES 1-10,<br><br>    Defendants. | No. CV-20-22-H-SEH<br><br>ORDER |

  An Amended Complaint naming Shelley Steele ("Steele"), among others, as a defendant was filed on March 25, 2020.[1] Summons for service on Steele of the

---

[1] Doc. 4.

original Complaint was issued on March 23, 2020.[2] Service of process was undertaken. On July 29, 2020, an Affidavit of Attempted Service of summons on Steele was filed stating service attempts were unsuccessful.[3]

An Amended Summons for Steele was issued on August 3, 2020.[4] On August 17, 2020, Plaintiffs filed a Proof of Service of summons,[5] which recited in part "I personally served the summons on the individual at (*place*) to Jane Doe, believed to be Shelley Steele at 131 Burdette Road, Atlanta, GA 30327 on (*date*) Mon, Aug 10 2020."[6]

On August 30, 2020, Defendant Steele filed an Unopposed Motion for Extension of Time to Respond to Amended Complaint.[7] On August 31, 2020, the Court granted Steele to September 14, 2020, "to answer or otherwise respond to the Amended Complaint."[8]

---

[2] Doc. 2.

[3] Doc. 51.

[4] Doc. 55.

[5] Doc. 59.

[6] Doc. 59 at 1.

[7] Doc. 76.

[8] Doc. 77 at 2.

On September 14, 2020, Steele moved, with supporting brief, to dismiss the complaint for insufficiency of service of process and lack of jurisdiction.[9] Plaintiffs on October 27, 2020, filed a brief in opposition to Steele's motion to dismiss,[10] which recited, *inter alia*:

> Plaintiffs request the Court deny Steele's Motion to Dismiss in its entirety for the above stated reasons. In the alternative, Plaintiffs' request the Court grant them an extension to perfect service on Steele pursuant to Fed. R. Civ. P. 4(m).[11]

Whether service on Steele has been effected remains as an unresolved matter of dispute.

Federal Rule of Civil Procedure 4(m) recites:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[9] Doc. 89.

[10] Doc. 109.

[11] Doc. 109 at 14.

ORDERED:

Given that a dispute remains as to whether service on Steele has been effected, Plaintiffs shall have to and including 4:45 p.m. on Friday, November 6, 2020, in which to file a brief stating what Plaintiffs assert to be good cause for failure to effect service on Steele and to "extend the time for service for an appropriate period."

DATED this 30th day of October, 2020.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge