# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| MARIA MOELLER and RON MOELLER, <br><br>  Plaintiffs, <br><br> vs. <br><br> THE ALIERA COMPANIES, INC.; TRINITY HEALTHSHARE; TIMOTHY MOSES; SHELLEY STEELE; CHASE MOSES and DOES 1-10, <br><br>  Defendants, | CV 20-22-H-SEH <br><br><br> ORDER |

## INTRODUCTION

Plaintiffs filed an opposed Motion for Partial Relief From Stay and Alternative Motion to Bifurcate on August 6, 2021.[1] This order addresses that motion.

## BACKGROUND

This case was filed on March 20, 2020.[2] First and Second Amended

---

[1] Doc. 222.

[2] Doc. 1.

Complaints were filed on March 25, 2020 [3] and July 8, 2021.[4] Findings of Fact and Conclusions of Law and Order[5] Denying Defendant's Motion to Compel Arbitration[6] and Alternative Motion to Compel and Dismiss Claims and Stay Remaining Litigation[7] were entered June 30, 2021.[8]

Defendant, Trinity Healthshare Inc.'s ("Trinity") Suggestion of Bankruptcy filed July 9, 2021 alluded to a July 8, 2021, bankruptcy proceeding filed by Trinity in the District of Delaware Bankruptcy Court.[9] This court ordered a stay on further proceedings in this matter on July 16, 2021.[10]

Plaintiffs' August 6, 2021, motion[11] sought to lift the bankruptcy stay as to all Defendants except Trinity on grounds that the various claims asserted by Plaintiffs could proceed seperately against Defendants other than Trinity.[12]

---

[3] Doc. 4.

[4] Doc. 216.

[5] Doc. 213.

[6] Doc. 14.

[7] Doc. 17.

[8] Doc. 213.

[9] Doc. 218.

[10] Doc. 219.

[11] Doc. 222.

[12] Doc. 223 at 8.

## DISCUSSION

Plaintiffs assert arguments in support of the motion: (1) Defendants' appeal does not require this Court to stay proceedings; (2) this Court's stay does not apply to Defendants other than Trinity; (3) this Court has jurisdiction to decide whether a part of Plaintiffs' claims can be severed; (4) Plaintiffs' claims against Defendants other than Trinity are independent and should proceed regardless of the bankruptcy stay; and (5) this Court appropriately could bifurcate the claims as to the Unity/Aliera contract from the Trinity/Aliera contract claim.[13]

Defendants in response assert that: (1) the appeal by Defendants from the Motion to Compel Arbitration effectively stays all proceedings;[14] and (2) Trinity's bankruptcy proceedings prevent this Court from lifting the stay against Defendants other than Trinity.[15]

This Court has the "'power to stay proceedings as part of its inherent power to control the disposition of the causes on its docket'"[16] and that "[w]hether to issue a stay . . . is 'a proper subject for the exercise of discretion by the trial

---

[13] Doc. 223.

[14] Doc. 224 at 4.

[15] Doc. 224 at 11.

[16] Doc. 224 at 12 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

court.'"[17] However the parties disagree as to whether either Defendants' appeal of denial of Defendants' Motion to Compel Arbitration,[18] or the Trinity bankruptcy stays proceedings as to Defendants other than Trinity. In this case, proceedings are stayed by reason of Trinity's bankruptcy, not Defendants' appeal.

Appeal from a federal district court to a circuit court of appeals customarily stays all district court proceedings.[19] A stay is not a matter of right for the appealing party.[20] If a collateral order is appealed, the district court in its discretion, may stay all proceedings. This discretion flows through a four-factor test: (1) whether the party moving for a stay "'has made a strong showing [they are] likely to succeed on the merits; (2) whether the [moving party] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure [any non-moving party] . . . ; and (4) where the public interest lies.'"[21]

Defendants have not made a strong showing that their appeal will succeed on the merits, and have not shown either an ability to overcome Montana's

---

[17] Doc. 223 at 9 (quoting *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990)).

[18] Doc. 14.

[19] See *Nken v. Holder*, 556 U.S. 418, 426 (2009); see also *Griggs v. Provident Consumer Discount*, 459 U.S. 56, 58 (1982).

[20] *Nken* at 433.

[21] *Id* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 770-71 (1987)).

prohibition against the arbitration of insurance contracts,[22] or a well-articulated irreparable injury absent a stay. Moreover, Plaintiffs have made a strong showing that any further stays could injure Plaintiffs due to worsening of Maria Moeller's cancer.[23] The public interest favors a reasonable length of litigation. Defendants' continued attempts to lengthen this case's proceedings are contrary to the public interest.

This Court also has the discretion to establish whether the bankruptcy stay applies only to Trinity or all Defendants.[24] Generally, a bankruptcy proceeding stays all other proceedings as to the person or entity that petitioned a bankruptcy court for relief.[25] However, other circuit courts, including the Fifth Circuit, have stated that it is appropriate to extend a bankruptcy stay to non-bankrupt co-defendants "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding

---

[22] Doc. 213 at 12 (citing Mont. Code Ann.§ 27-5-114(2)(c) (2019)).

[23] Doc. 223 at 13-14.

[24] *Supra* note 16 and note 17.

[25] 11 U.S.C. § 362.

against the debtor."[26]

Defendants specifically assert that "Aliera is inextricably intertwined with Plaintiffs' claims against Trinity"[27] and that any order or holding against Aliera would be directly intertwined with Trinity as the healthcare sharing ministry/provider. The intertwinement of Aliera and Trinity warrant that the stay remain in place until the Trinity bankruptcy proceedings are concluded.

ORDERED,

Plaintiffs' Motion For Partial Relief From Stay and Alternative Motion to Bifurcate[28] is DENIED.

DATED this 15th day of September, 2021.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[26] *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *see also Matter of James Wilson Assoc.*, 965 F.2d 160, 168 (7th Cir.1992) (holding that an automatic bankruptcy stay does not operate in favor of non-bankrupt co-defendants unless bankrupt defendant is an indispensable party); *see also In re American Hardwoods*, 885 F.2d 621, 624 (9th Cir.1989) (holding that the bankruptcy court had jurisdiction to enjoin action that "'could conceivably have any effect'" on administration of reorganization plan (*quoting In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)).

[27] Doc. 224 at 13.

[28] Doc. 222.